UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ———————————— x | |
| : | Civil Action No.: _____ |
| Stephanie Roudaut, *on behalf of herself* : | |
| *and others similarly situated*, : | |
| : | Class Action |
| Plaintiff, : | |
| : | Jury Trial Demanded |
| vs. : | |
| : | |
| Detroit Trading Services, LLC, : | |
| : | |
| Defendant. : | |
| ———————————— x | |

**Nature of this Action**

1.    Stephanie Roudaut ("Plaintiff") brings this class action against Detroit

Trading Services, LLC ("Defendant") under the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227.

2.    Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of

automated telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any
> person outside the United States if the recipient is within the United
> States—
>
> (A)   to make any call (other than a call made for emergency purposes
> or made with the prior express consent of the called party) using
> any automatic telephone dialing system or an artificial or
> prerecorded voice—

*****

(iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3.     The TCPA's "prohibition against auto dialed calls applies to text message calls as well as voice calls." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).

4.     Upon information and belief, Defendant violates the TCPA by sending unwanted text messages to consumers' cellular telephone numbers by using an automatic telephone dialing system, without the prior express consent of the consumers.

## Jurisdiction

5.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6.     Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district and as a substantial part of the events giving rise to this action occurred in this district.

## Parties

7.     Plaintiff is a natural person who at all relevant times resided in Lilburn, Georgia.

8.    Defendant is an automotive marketing company with its principal office located in Detroit, Michigan.

9.    Defendant "was founded by a group of executives from Car.com after it was sold to Autobytel in April of 2004."[1]

10.   Defendant states that it is "amongst the world's foremost aggregators of 'in-market' automotive shopper intelligence, providing data to original equipment manufacturers ("OEMs") and dealers that is responsible for more than 30,000 vehicle sales or $1 billion in monthly car sales."[2]

11.   Defendant's team "includes leadership from advertising agencies, original equipment manufacturers, leading digital media agencies and respected data-analytics firms."[3]

12.   Defendant touts that its "technology and digital marketing solutions serve the world's largest auto manufacturers, drives sales for the nation's top dealer groups and powers the nation's top online automotive shopping channels."[4]

13.   As part of its marketing efforts, Defendant sends text messages to consumers.[5]

---

[1]    http://www.detroittrading.com/ (last visited May 14, 2018).

[2]    http://www.detroittrading.com/ (last visited May 14, 2018).

[3]    http://www.detroittrading.com/ (last visited May 14, 2018).

[4]    http://www.detroittrading.com/ (last visited May 14, 2018).

## Factual Allegations

14.     On or about May 21, 2017 and May 31, 2017, Defendant sent, or caused to be sent, text messages to Plaintiff's cellular telephone number (404) 444-xxxx—a number for which Plaintiff is the subscriber and customary user.

15.     Defendant's first text messages to Plaintiff's cellular telephone number stated: "Thank you for Subscribing to Our Auto Program. Get a Fast & Simple FREE New Car Quote http://goo.gl/ekcnty. Text Help for Help or Stop to Stop".

16.     The link provided in Defendant's text messages leads to a website containing the following "Terms of Use" disclosures:

> Thank you for your interest Car.Show and its related shopping tools and car shopping content channels (the "Site"), a leading online automotive information and communications platform powered by Detroit Trading Company ("Detroit Trading"). Detroit Trading is amongst the world's foremost aggregators of 'in-market' shopper intelligence, providing data to original equipment manufacturers and dealers that are responsible for more than 30,000 individual vehicle sales or $1 billion in monthly car sales. We encourage you to read the following terms governing your use of and purchase of products from the Site. By using the Site or by providing personal information to us, you agree to be bound by these Terms of Service set forth below (the "Terms").
>
> *        *        *
>
> Your use of this Site establishes a business or other applicable relationship with us for purposes of CAN-SPAM, the Telephone

---

5       http://www.detroittrading.com/campaigns/modern-bdc-solution/ (last visited May 14, 2018) ("Pricing is a function of how many calls and texts we make to your customers.").

4

Consumer Protection Act and all other applicable law that addresses
unsolicited commercial communications. By visiting this Site and using
its features, you agree that we, our agents or third parties to whom we
provide your information may call, e-mail, or otherwise communicate
with you regarding the sale or lease of motor vehicles.

17.     Upon information and good faith belief, Defendant's records will show
additional text messages it sent, or caused to be sent, to Plaintiff's cellular telephone
number by using an automatic telephone dialing system.

18.     Plaintiff never signed up for Defendant's services, and never provided
her cellular telephone number to Defendant.

19.     Plaintiff never subscribed to Defendant's "Auto Program."

20.     Upon information and good faith belief, and in light of the number,
character and nature of the text messages, including their form, non-personalized
nature, Defendant sent its text messages to Plaintiff's cellular telephone number using
an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

21.     Upon information and good faith belief, and in light of the number,
character and nature of the text messages, including their form, non-personalized
nature, Defendant sent its text messages to Plaintiff's cellular telephone number by
using (a) equipment which has the capacity (i) to store or produce telephone numbers
to be called, using a random or sequential number generator, and (ii) to dial such
numbers, or (b) technology with the capacity to dial random or sequential numbers, or
(c) hardware, software, or equipment that the Federal Communications Commission
("FCC") characterizes as an automatic telephone dialing system.

5

22.     Upon information and good faith belief, and in light of the number, character and nature of the text messages, including their form, non-personalized nature, Defendant sent it text messages to Plaintiff's cellular telephone number by using (a) hardware, that when paired with certain software, has the capacity to store or produce numbers and text those numbers at random, in sequential order, or from a database of numbers, or (b) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

23.     Defendant utilizes hardware and software with the capacity to store telephone numbers and to text such numbers sequentially, predictively, or randomly, and to text telephone numbers without human intervention.

24.     Upon information and good faith belief, Defendant used such hardware and software to send the text messages at issue to Plaintiff's cellular telephone number.

25.     Defendant did not have Plaintiff's prior express consent to send any text messages to her cellular telephone number.

26.     Plaintiff never provided her cellular telephone number to Defendant.

27.     Plaintiff never had any business relationship with Defendant.

28.     Defendant did not send any text messages to Plaintiff's cellular telephone number for emergency purposes.

29.     Defendant sent its text messages to Plaintiff's cellular telephone number under its own free will.

30.     Upon information and good faith belief, Defendant sent the text messages at issue to Plaintiff willfully and knowingly in that it consciously and deliberately sent, or caused to be sent, the text messages referenced herein.

31.     Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to send the text messages at issue to Plaintiff's cellular telephone number.

32.     Plaintiff suffered harm as a result of Defendant's text messages to her cellular telephone number in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

## Class Action Allegations

33.    Plaintiff brings this action as a class action under Federal Rule of Civil

Procedure 23(a) and (b) on behalf of herself and the following class of similarly

situated individuals:

> All persons and entities throughout the United States (1) to whom
> Detroit Trading Services, LLC sent, or caused to be sent, at least one text
> message to a non-customer of Detroit Trading Services, LLC, (2)
> directed to a number assigned to a cellular telephone service, (3) by
> using an automatic telephone dialing system, (4) from four years prior to
> the date of this complaint through and including the date of class
> certification.

Excluded from the class are Defendant, its officers and directors, members of their

immediate families and their legal representatives, heirs, successors, or assigns, and

any entity in which Defendant has or had a controlling interest.

34.    The proposed class is so numerous that, upon information and belief,

joinder of all members is impracticable.

35.    The exact number of members of the class is unknown to Plaintiff at this

time and can only be determined through appropriate discovery.

36.    The proposed class is ascertainable because it is defined by reference to

objective criteria.

37.    In addition, and upon information and belief, the cellular telephone

numbers of all members of the class can be identified in business records maintained

by Defendant and third parties.

38.     Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

39.     Like all members of the proposed class, Plaintiff received text messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

40.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

41.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

42.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

43.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

44.     There will be little difficulty in the management of this action as a class action.

45.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

46.     Among the issues of law and fact common to the class are:

   a.  Defendant's violations of the TCPA;

   b.  Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to send text messages to cellular telephone numbers;

   c.  Defendant's text messaging campaigns; and

   d.  the availability of statutory damages.

47.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

48.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 47.

49.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send, or cause to be sent, text messages to Plaintiff's cellular telephone number, without her consent.

50.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the class are entitled to damages in an amount to be proven at trial.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to send text messages to Plaintiff's cellular telephone number, and from sending text messages to consumers' cellular telephone numbers by using an automatic telephone dialing system without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c)     Awarding Plaintiff and members of the class actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d)     Awarding Plaintiff and members of the class their reasonable costs, expenses, including expert fees, and attorneys' fees incurred in this action, under Rule 23 of the Federal Rules of Civil Procedure; and

(e)     Awarding other and further relief as the Court may deem just and proper.

Date: May 21, 2018                   /s/ Shireen Hormozdi
                                     Shireen Hormozdi
                                     1770 Indian Trail Lilburn Road
                                     Suite 175
                                     Norcross, GA 30093
                                     Tel: 678-395-7795
                                     Fax: 866-929-2434
                                     shireen@norcrosslawfirm.com

                                     Michael L. Greenwald*
                                     Greenwald Davidson Radbil PLLC
                                     5550 Glades Road, Suite 500
                                     Boca Raton, FL 33431
                                     Telephone: 561.826.5477
                                     Fax: 561.961.5684
                                     mgreenwald@gdrlawfirm.com

                                     Counsel for Plaintiff and the proposed class

                                     *pro hac vice application to be filed